IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARDELL GILES,<br><br>    Petitioner,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS,<br>and ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>    Respondents. | Civil Action No. 17-586-RGA |

## MEMORANDUM

### I. INTRODUCTION

Presently before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner Wardell Giles. (D. I. 1) For the reasons set forth below, the Court will summarily dismiss the Petition as moot.

### II. BACKGROUND

On December 9, 2016, the Delaware Superior Court sentenced Petitioner for a violation of probation ("VOP") in Delaware Superior Court Case No. 0707010864. (D.I. 1 at 1); *see also State v. Giles*, Case No. S16M-12-017-RFS, Letter Order, Stokes (Del. Super. Ct. Jan. 5, 2017). The Superior Court credited Petitioner for "all time previously served" and reduced the Level 5 portion of Petitioner's sentence from "1 year, 9 months, 22 days to 1 year, 8 days." *State v. Giles*, Case No. S16M-12-017-RFS, Letter Order, Stokes (Del. Super. Ct. Jan. 5, 2017). The sentence was effective on December 9, 2016. *Id.*

Petitioner filed the instant Petition on May 22, 2017, contending that his release date from

the Sussex Correctional Center ("SCI") should be May 27, 2017, and not June 8, 2017. (D.I. 1 at 1) He argues that any incarceration past May 27, 2017 would constitute an illegal detention, and asks the Court to order his release on May 27, 2017. (D.I. 1 at 2) Petitioner also asks for "monetary damages" for any day he is held after May 27, 2017. (D.I. 1 at 2)

## III. STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(a), a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court. In turn, according to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(internal citations omitted). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *See Kissinger*, 309 F.3d at 180.

2

## IV. DISCUSSION

Petitioner does not challenge the legality of his conviction. Rather, he contends that the Delaware Department of Corrections improperly calculated the release date for his December 9, 2016 VOP sentence (6 months at Level 5 incarceration), and asks for "monetary damages" for every day he is held at SCI past May 27, 2017. (D.I. 1)

To begin, monetary damages are not available in habeas cases. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.") Moreover, sometime after he filed the instant Petition, Petitioner was released from his Level 5 incarceration at SCI and transferred to the Morris Community Correctional Center in Dover, Delaware. (D.I. 3 at 1) In July 2017, after discerning that Petitioner had obtained his requested relief with respect to his December 9, 2016 VOP sentence,[1] the Court ordered him to show cause in writing by the middle of August 2017 why the Petition should not be dismissed as moot ("Show Cause Order"). (D.I. 3) The Court explained that failure to file a timely response would result in the Court's ruling on the Petition as currently pending. (D.I. 3 at 2) Petitioner has not responded to the Show Cause Order.[2] Accordingly, the Court will summarily dismiss the Petition as moot.

---

[1] It appears that Petitioner's continued incarceration stems from sentences imposed for other violations of his probation. *See* (D.I. 6 at 9-10 in *Giles v. Justice et. al.*, Civ. A. No. 17-455-RGA).

[2] Over the past months, Petitioner has routinely filed documents in his other cases pending before the Court. *See* Civ. A. No. 16-1037-RGA, Civ. A. No. 16-1038-RGA, Civ. A. No. 17-455-RGA, and Civ. A. No. 17-492-RGA. Therefore, it appears that Petitioner's failure to file a response to the Show Cause Order in this case was not an oversight.

3

## V. CONCLUSION

For the aforementioned reasons, the Court will summarily dismiss the Petition because it is moot. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: October 19, 2017

Richard G. Andrews
UNITED STATES DISTRICT JUDGE

4